IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY ALLEN HARDESTY,**

    **Plaintiff,**

    v.                                              CASE NO. 19-3211-SAC

**SALINE COUNTY JAIL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Saline County Jail in Salina, Kansas ("SCJ"). On October 2, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 10) ("MOSC"), granting Plaintiff until October 26, 2020, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC. The MOSC was mailed to Plaintiff at his current address of record and was returned as undeliverable. (Doc. 11.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the Court's MOSC by the Court's deadline.

The Court found in the MOSC that Plaintiff failed to allege a sufficient injury to assert a claim for denial of court access. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising

1

from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). The Court found that Plaintiff has not alleged that he was prohibited from contacting his attorney by mail and has not alleged that staff at the SCJ prevented him from accessing the courts or caused him actual injury. The claim is not plausible, particularly since he was able to file this action in federal district court as well as four additional cases. *See* Case Nos. 19-3120, 19-3154, 19-3155, and 19-3122. The Court also found that Plaintiff's medical claim failed to state a claim of cruel and unusual punishment under the Eighth Amendment and failed to allege a physical injury.

The Court's MOSC provided that "[f]ailure to respond by the Court's deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 10, at 8.) Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 28, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**